IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT A. YEISLEY | : | |
| Plaintiff | : | |
| v. | : | 3:CV-05-1650 |
| | : | (JUDGE VANASKIE) |
| PA STATE POLICE, JEFF MILLER, | : | |
| CYNTHIA TRANSUE, SID SIMON, GOVAN | : | |
| MARTIN, JOE MARUT, BOB MURRAY, | : | |
| BOB TITLER, FRANK KOSCELNAK, | : | |
| CARL HARRISON | : | |
| Defendants | : | |

## MEMORANDUM

## I. INTRODUCTION

This matter comes before the Court on plaintiff Scott A. Yeisley's First Motion for Sanctions. (Dkt. Entry 76.) Upon consideration of the motion, Defendants' opposition thereto, plaintiff's reply brief, the applicable law, and the record herein, the Court concludes that the motion for sanctions should be granted in part.

## II. BACKGROUND

This civil rights litigation concerns alleged abusive, retaliatory, and malicious conduct of the Pennsylvania state police and various of its officers in relation to Plaintiff's employment as a Pennsylvania state trooper. Plaintiff claims, <u>inter alia</u>, that Defendants engaged in a malicious prosecution of him based upon information Plaintiff provided during a confidential Members' Assistance Program ("MAP") session Plaintiff attended as a result of work-related stress he was experiencing. Plaintiff also claims that the prosecution was

undertaken to retaliate against him for exercising First Amendment protected rights.

Discovery in this matter has been difficult and protracted. Compounding the discovery problems is the turnover in defense counsel during the course of this litigation. The first attorney withdrew his appearance on behalf of Defendants on April 5, 2006. (Dkt. Entry 16.) The second attorney withdrew her appearance four months later. (Dkt. Entry 41.) Present defense counsel entered her appearance on August 8, 2006. (Dkt. Entry 42.)

The substitutions of defense counsel have frustrated Plaintiff, who has diligently and assiduously pursued extensive discovery in a matter that has a convoluted factual background spanning several years of allegedly wrongful conduct. The frustration is evident in the arguments presented in Plaintiff's First Motion for Sanctions filed on January 23, 2007. (Dkt. Entry 76.) In general, Plaintiff seeks sanctions for untimely disclosures as well as the absence of any production of e-mails. In the reply brief in support of the sanctions motion, plaintiff makes clear that his "motion solely seeks sanctions based upon violating rules relating to access to originals, supplementing discovery, and obeying [the] Court Order of 10/25/06." (Reply Brief in Support of First Motion for Sanctions, Dkt. Entry 113, at 2.) Specifically, Plaintiff complains that Defendants deliberately delayed the production of an original of an incident memorandum that bore handwritten notes on its reverse side, produced as Original Bates 183. He also complains that Defendants failed to comply with the court-imposed deadline for producing Administrative Regulations ("ARs"), Field

Regulations ("FRs"), and "use of force" complaint forms.  Finally, Plaintiff asserts that Defendants violated discovery obligations by not producing any e-mails.

III.  DISCUSSION

Whether to impose sanctions for failure to comply with discovery Orders is committed to the court's discretion.  See Flaherty v. M.A. Brunder & Sons, Inc., 202 F.R.D. 137, 141 (E.D. Pa. 2001).  Two overarching standards guide the exercise of discretion:

> First, any sanction must be 'just'; second, the sanction must be specifically related to the particular 'claim' which was at issue in the Order to provide discovery.

Ins. Corp. of Ireland, Ltd. v. Compagnie Des Bauxites, 456 U.S. 694, 707 (1982).  Within the context of these two overarching principles, the court is to assess the culpability of the offending party and the prejudice to the party seeking sanctions.  See Estate of Spear v. Commissioner of Internal Revenue, 41 F.3d 103, 111 (3d Cir. 1994).  The court has a variety of sanctions it may impose, depending upon the degree of culpability and the extent of the prejudice.  See Fed. R. Civ. P. 37(b)(2).  The more severe the sanction, the greater the culpability and/or the prejudice must be.  Estate of Spear, 41 F.3d at 111.

Plaintiff insists that the reverse side of a document referred to as Original Bates 183, containing what Plaintiff describes as a significant handwritten notation, was not made available to him for an extended period of time in a deliberate effort to conceal this evidence.  Plaintiff claims that the handwritten note suggests that there was "widespread

knowledge of what plaintiff was complaining about during the [confidential] 5/4/03 MAP Session." (Brief in Support of First Motion for Sanctions, Dkt. Entry 113) at 5.)  Plaintiff further complains that the delay in producing the reverse side of Bates 183 was prejudicial because he did not have this information available to him when he deposed a number of individuals.  As a sanction, Plaintiff requests either a default judgment or, alternatively, the right to re-depose six individuals, with the cost of the re-depositions to be borne by Defendants.

It is undisputed that the defense production of documents was initially made by printing out records that had been scanned electronically.  In response to the motion for sanctions, Defendants have submitted an affidavit attesting to the fact that only the front side of each page of a document was scanned so that the reverse side of Bates 183 did not exist in an electronic format when the initial production of documents was made.  Defendants have further explained that the delay in making the original of Bates 183 available was attributable to a number of factors, including the turnover in defense counsel.

Despite Plaintiff's protestations to contrary, I find no basis for concluding that Defendants attempted to conceal the existence of the reverse side of Bates 183.  Nor do I find that, given the convoluted nature of this litigation and the extensive discovery that has occurred, Defendants were acting in bad faith.  Thus, the drastic sanction of default judgment is plainly not warranted.

On the other hand, Plaintiff has been prejudiced by the not having available to him the reverse side of Bates 183 when he took depositions in this matter.  The notation is plainly relevant to inquiries to be made of Defendant Robert L. Murray, who conducted the investigation that is the subject of Bates 183, as well as Trooper Kugler, who conducted the MAP counseling section.

Defendants have indicated a willingness to have the author of the handwritten note and Trooper Kugler re-deposed without cost to Plaintiff.  Plaintiff asserts that he should be able to re-depose not only Kugler and the author of the note, but also five other persons with the costs borne by defendants.

It is clear that Plaintiff is entitled to some relief.  Plainly, Defendant Murray should be subject to re-deposition, as well as Kugler.  In addition, Defendants must be required to identify the author of the handwritten note and make that person available for deposition (if the author is not Murray).  Based upon the record presented thus far, however, Plaintiff has not shown the appropriateness of re-deposing other persons.  Thus, Defendants will be required to produce Trooper Kugler and Defendant Murray at their expense to be re-deposed with respect to the subject matter covered by the handwritten note.  Following the depositions of these individuals, Plaintiff can request leave to re-depose other individuals, provided he shows an adequate basis for doing so as a result of the depositions taken pursuant to this sanction decision.

With respect to the untimely production of ARs, FRs, and "use of force" complaint forms, Plaintiff complains generally that the delay production "interfered with depositions and caused others to be canceled." (Reply Brief in Support of First Motion for Sanctions, Dkt. Entry 113, at 7.)  The documents were to have been produced by November 21, 2006, but were not given to Plaintiff until mid-January of 2007.  Because discovery in this matter has not closed, however, Plaintiff cannot show that he incurred any harm by the production of the documents approximately two months beyond the court-imposed deadline.  Moreover, defense counsel has explained the reasons for the delay in production.  In particular, she has shown that she wanted to be sure that the production was complete and in accordance with the Court's Order.  While it would have been preferable for defense counsel to have sought an extension of the court-imposed deadline for production of the documents in question, there is no indication that she acted in bad faith.  Under these circumstances, sanctions for the untimely production of the records in question are not warranted.

The final matter at issue concerns the failure to produce e-mails.  It appears that Plaintiff did not raise an issue with respect to production of e-mails until he filed his First Motion for Sanctions.  Rule 37(b)(2) of the Federal Rules of Civil Procedure authorizes sanctions for violating a court discovery order.  Plaintiff does not point to any discovery order that has been violated by the absence of any e-mail production.  Under these

circumstances, an award of sanctions is not warranted.

Defendants, however, must promptly undertake the requisite search of its electronic records for purposes of complying with its discovery obligations with respect to electronically stored information, such as e-mails. To the extent that electronic records may have been lost during the pendency of this litigation as a result of the failure to conduct an adequate search of this font of information prior to this time, sanctions may be appropriate.[1]

IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for sanctions will be granted in part. An appropriate Order follows.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge

---

[1] In their opposition brief to the First Motion for Sanctions, Defendants represent that they are willing to undertake a search of electronic files "should the Court determine that it is appropriate and subject to a judicial imprimatur on the search criteria in order to obviate the need to conduct this search more than once." (Dkt. Entry 107 at p. 32.) Defendants, however, cannot insist upon some judicial "imprimatur" on an e-mail search protocol before complying with their discovery obligations. The Rules of this Court require counsel to "attempt to agree on the scope of e-mail discovery and e-mail search protocol." LR 26.1(c)(2). The Court expects that counsel for both sides will confer in good faith to arrive at the appropriate e-mail search protocol for production of e-mail records in this case.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT A. YEISLEY | : | |
| Plaintiff | : | |
| v. | : | 3:CV-05-1650 |
| | : | (JUDGE VANASKIE) |
| PA STATE POLICE, JEFF MILLER, | : | |
| CYNTHIA TRANSUE, SID SIMON, GOVAN | : | |
| MARTIN, JOE MARUT, BOB MURRAY, | : | |
| BOB TITLER, FRANK KOSCELNAK, | : | |
| CARL HARRISON | : | |
| Defendants | : | |

## ORDER

NOW, THIS 31st DAY OF MARCH, 2008, for the reasons set forth in the foregoing Memorandum, IT IS HEREBY ORDERED THAT:

1. Plaintiff's First Motion for Sanctions (Dkt. Entry 76) is GRANTED IN PART.

2. Defendants, at their expense, shall make available for deposition Trooper Kugler and Defendant Murray, as well as the author of the handwritten note appearing on the reverse side of Bates 183, with the Plaintiff to engage in an examination concerning the subject matter covered by that handwritten note.

3. Defendants shall produce all responsive e-mail records within thirty (30) days from the date of this Order.

4. In all other respects, Plaintiff's First Motion for Sanctions is DENIED.

                                                s/ Thomas I. Vanaskie
                                                Thomas I. Vanaskie
                                                United States District Judge